NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3253

ROBERT M. CASWELL,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

Robert M. Caswell, of Cle Elum, Washington, pro se.

Tara K. Hogan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3253

ROBERT M. CASWELL,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

_____

DECIDED: December 7, 2007
_____

Before MAYER, Circuit Judge, PLAGER, Senior Circuit Judge and LOURIE, Circuit Judge.

PER CURIAM.

Robert M. Caswell appeals the decision of the United States Merit Systems Protection Board, affirming the Department of Homeland Security's ("DHS") action in removing Caswell from the position of Border Patrol Agent, effective September 29, 2006, on the charge of failure to respond to an agent requesting assistance. Caswell v. Dept. of Homeland Security, No. SF-0752-07-0090-I-1 (MSPB Mar. 1, 2007). We affirm.

On September 26, 2005, Caswell and another border patrol agent, Ramon Villarreal, pursued three individuals suspected of entering the country illegally along Imperial Beach in San Diego, California. Villarreal reached the suspects first, and ordered them to halt. The two female suspects complied, but a hostile encounter ensued with the male suspect, Avila. As Villarreal scuffled with Avila, Caswell approached and unsuccessfully attempted to handcuff the female suspects. Villarreal called for back up, and Caswell remained with the two unrestrained females. Eventually, Avila submitted to arrest. Caswell denied seeing Villarreal and Avila struggling, and testified that he did not perceive Villarreal to be in danger. To the contrary, Caswell said he believed that Villarreal used excessive force in making the arrest. Two border control agents witnessed at least part of the incident through beach and station cameras. Both confirmed the physical altercation as described by Villarreal.

The board credited Villarreal's testimony and found that despite calls for help, Caswell did not respond. The board held that DHS proved its charge by a preponderance of the evidence. Caswell claims that he acted properly because he was supervising two unrestrained suspects, and Villarreal was not in danger. He further claims that his removal violated the Whistleblower Protection Act ("WPA") because it was in reprisal for protected disclosures. 5 U.S.C. § 2302(a)-(b).

We must affirm the final decision of the board unless we conclude that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c). The board's fact finding function is benefited by the opportunity to hear live testimony and assess witness demeanor and credibility first-hand. Upon review of the record, we conclude that the board's decision was neither arbitrary,

capricious, nor an abuse of discretion. Two facts, in addition to the board's credibility assessments, are particularly persuasive. First, border patrol agents are trained to abandon their role supervising unrestrained suspects as soon as a fellow officer calls for help. Even if Caswell reasonably believed that Villarreal was not in danger, in the moment of conflict Villarreal's perceptions control. Second, Caswell previously failed to respond to an agent requesting assistance in 2003, and was put on notice of the categorical need to respond to an agent requesting assistance.

We also agree with the board's analysis of Caswell's WPA defense. Even if his allegation that Villarreal violated agency policies by using unreasonable force against Avila could be deemed a protected disclosure under the WPA, he fails to establish that this disclosure was a contributing factor in his removal. The whistleblower defense is therefore not relevant. Substantial evidence supports the board's conclusion that the removal penalty was reasonable in light of the circumstances.